BITTING v. MOORE ET AL.

1. **Surety:** ON OFFICIAL BOND: LIABILITY OF. The sureties on the bond of a public officer can only be subjected to liability for a judgment against their principal when they are regularly brought into court as defendants, and have an opportunity to contest the claim made by the plaintiff.

*Appeal from Washington Circuit Court*

TUESDAY, JUNE 8.

ACTION AT LAW. There was a judgment for defendants; plaintiff appeals. The facts of the case appear in the opinion.

*Dewey & Templin*, for appellant.

*McJunkin & Henderson*, for appellees.

BECK, J.—The plaintiff recovered judgment against defendant Moore, who was a road supervisor, for his failure to

**1. SURETY: on official bond: liability of.** report the road tax plaintiff paid, after it had been discharged by work done by plaintiff, under the direction of the supervisor. On account of the failure of Moore to discharge his duty in this respect plaintiff was compelled to pay his road tax in money. After the judgment was rendered, plaintiff filed his motion in this case, showing that the other defendants are the sureties of Moore upon his official bond as supervisor, and asking that judgment be rendered against them for the amount of judgment recovered against Moore, with interest and costs. The motion was overruled, and judgment rendered against plaintiff for the costs incurred thereon. The plaintiff appealed from this order and judgment.

The decision of the Circuit Court is unquestionably correct. The sureties had a right to contest the claim of plaintiff against them based upon the bond, and to have a trial in the manner prescribed for all actions at law. We know of no statute authorizing a summary proceeding by motion in cases of this kind. In certain cases, proceedings of that character are authorized. See Code, § § 2906–2910. This case does not come within these provisions.

Plaintiff's counsel insist that the sureties had their "day in court" under the motion. But they were not brought into court in the manner prescribed by law, and, when in court, had no opportunity to defend against the claim of plaintiff. The law is not administered in this manner under the system of jurisprudence prevailing in this State. The judgment of the Circuit Court is

AFFIRMED.